■ RAINBOW CONSTRUCTION Co., Respondent, v ZELDA DARWICK, Appellant. [775 NYS2d 143]—

Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered February 25, 2003, which, inter alia, granted plaintiff's motion for a preliminary injunction and directed that defendant provide access to her apartment for purposes of remedying all unsanitary conditions and pay to her landlord,

plaintiff Rainbow Construction Co., the amount of $31,200 for the cost of the cleanup, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the award of $31,200 and remand for a hearing as to the reasonable cost of the work for which defendant is responsible, and otherwise affirmed, without costs.

It is evident that conditions created by the defendant were partially responsible for the imposition of violations by the Department of Housing Preservation and Development, and that an injunction affording the landlord access to clean the apartment was appropriate. Nevertheless, there was no factual showing made that the work necessary to cure the violations would cost $31,200 and the court does not appear to have considered the ameliorative work performed by the tenant after the violations were posted. Thus, the reasonableness of the costs sought by the landlord was not established.

On the other hand, the tenant is obligated to cooperate with the landlord in curing the violations which arise from conditions in the apartment. To the extent the tenant is responsible for the creation of those conditions (the accumulation of debris, for instance, as opposed to plumbing problems that appear to be the landlord's responsibility), she should pay for the costs of remedying the situation, as well as the cost of storage. Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.